**STATE of Delaware, Plaintiff below, Appellant,**

v.

**William J. PROUSE, III, Defendant below, Appellee.**

Supreme Court of Delaware.

Submitted Dec. 13, 1977.

Decided Jan. 30, 1978.

Af-
firmed.

Gregg E. Wilson, Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

David M. Lukoff, Asst. Public Defender, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice.

The State of Delaware appeals, pursuant to 10 *Del.C.* § 9902(b) and (c),[1] a Superior Court order which granted defendant's motion to suppress evidence. The challenged evidence was obtained by police during a random stop of defendant's automobile, and the issue raised is whether the police may arbitrarily stop and detain persons operating motor vehicles when the officers involved have no reasonable suspicion that the occupants of the stopped vehicle have or will violate the law. Because we are of the opinion that non-systematic stops by police, who have no reasonable suspicion that a legal violation has occurred, violate Federal and State constitutional guarantees, we affirm the Superior Court order and dismiss this appeal.

## I

While on routine patrol Officer Anthony Avena of the New Castle County Police stopped an automobile operated by defendant-Prouse to conduct a driver's license and vehicle registration check. Prior to the stop the officer observed no traffic or equipment violations, and had no indication that any criminal activity had been or would be perpetrated by defendant or the other occupants of his car. Officer Avena candidly testified that defendant's car was randomly chosen from other vehicles on the road to be the subject of a license and registration check, and that he regularly made similar routine stops of motor vehicles when not answering complaints. As the officer approached defendant's automobile he smelled the aroma of marijuana emanating from the car. While observing the occupants of the car step out into the street, Officer Avena noticed a cellophane bag containing leafy vegetable matter protruding from under the front seat. Suspecting that it contained marijuana, Officer Avena seized the bag and, thereafter, placed defendant under arrest. Subsequently, defendant was indicted for possession of a non-narcotic Schedule I substance in violation of 16 *Del.C.* § 4754.[2]

---

1. 10 *Del.C.* § 9902(b) and (c) read as follows:
   § 9902. Appeal as of right.
   (b) When any order is entered before trial in any court suppressing or excluding substantial and material evidence, the court, upon certification by the Attorney General that the evidence is essential to the prosecution of the case, shall dismiss the complaint, indictment or information or any count thereof to the proof of which the evidence suppressed or excluded is essential. Upon ordering the complaint, indictment or information or any count thereof dismissed pursuant to the Attorney General's certification, the reasons of the dismissal shall be set forth in the order entered upon the record.
   (c) The State shall have an absolute right of appeal to an appellate court from an order entered pursuant to subsection (b) of this section and if the appellate court upon review of the order suppressing evidence shall reverse the dismissal, the defendant may be subjected to trial. (10 Del.C.1953, § 9902; 57 Del.Laws, c. 133; 58 Del.Laws, c. 412, § 1.)

2. 16 *Del.C.* § 4754 reads as follows:
   § 4754. Prohibited acts D; penalties.
   It is unlawful for any person knowingly or intentionally to possess, use or consume any controlled substance or counterfeit substance classified in Schedule I, II, III, IV or V not a narcotic drug unless the substance was obtained directly from or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or except as otherwise authorized by this chapter. Any person who violates this sec-

Defendant moved in Superior Court for an order suppressing the evidence against him on the ground that it had been obtained during an illegal detention. After an evidentiary hearing the Superior Court granted defendant's motion. The State concedes that defendant was detained in circumstances where the investigating officer had no reasonable suspicion that any criminal activity or motor vehicle violation had or would take place. However, the State asserts that the practice of randomly stopping motor vehicles for license and registration examinations is both constitutionally permissible, and necessary to properly enforce motor vehicle regulations.

■ The issue of the legal validity of systematic, roadblocktype stops of a number of vehicles for license and vehicle registration check is *not* now before the Court. Systematic stopping procedures entail limited exercise of discretion concerning which vehicles to stop, and, therefore, pose legal issues different in nature from those presented by the random stop practice challenged here. We now focus on the competing State and individual interests which must be examined in order to determine the validity of random stopping procedures.

II

■ The Fourth Amendment to the United States Constitution provides;

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The constitutional proscription against unreasonable searches and seizures is made applicable to the States by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *United States ex rel. Dyton v.*

*Ellingsworth*, 306 F.Supp. 231 (D.Del.1969). The Delaware Constitution Article I, § 6 is substantially similar to the Fourth Amendment and a violation of the latter is necessarily a violation of the former. *State v. Moore*, Del.Super., 187 A.2d 807 (1963). Evidence seized in disregard of these constitutional provisions is inadmissible at the trial of the person whose rights have been violated. *Mapp v. Ohio*, supra; *Schaffer v. State*, Del.Supr., 184 A.2d 689 (1962). The precise legal issue raised in this appeal is whether the stop of defendant's automobile was an unconstitutional seizure within the meaning of the Fourth and Fourteenth Amendments. While a temporary stop or detention of a motor vehicle and its occupants is not normally described as a seizure, the Fourth Amendment has been construed to protect against unreasonable governmental intrusions into the privacy of the individual, regardless of whether they are labeled stops, detentions, frisks or seizures. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Therefore, since the police action here entailed an interference with defendant's right to free access to public highways, it is an official intrusion which must be examined to see if it accords with Fourth Amendment requirements. If the police acted unreasonably then the evidence gathered as a result of their activities must be suppressed. *Schaffer v. State*, supra.

■ A search or seizure pursuant to a duly issued warrant is presumptively valid because a determination of the reasonableness of the intended action is made prior to its inception by a neutral Magistrate. *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *Saienni v. State*, Del.Supr., 346 A.2d 152 (1975). There are instances in which a warrant is unnecessary for a legitimate search and seizure due to circumstances which make a warrantless search reasonable. See *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Included within the

tion upon conviction shall be fined not more than $500 and imprisoned not more than 2

years. (16 Del.C.1953, § 4754; 58 Del.Laws, c. 424, § 1.)

warrant exception are cases where law officers have probable cause to believe that an automobile, or other readily moveable vehicle, is carrying contraband, is being driven in violation of the motor vehicle laws, or the occupants are or have been committing criminal violations. *Carroll v. United States*, supra; *Freeman v. State*, Del.Supr., 317 A.2d 540 (1974). Where a legal arrest has been made, a police officer may search the arrested person without a warrant. *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Lido Social Club v. State*, Del.Super., 86 A.2d 859 (1952). A protective frisk of one suspected of criminal activity may also be conducted by police. *Terry v. Ohio*, supra. The essential element necessary for a permissible governmental intrusion is reasonableness, with a constitutionally mandated preference for warrants absent exceptional circumstances. *Johnson v. United States*, supra.

Because an automobile was the subject of the stop in the case at bar, we may invoke the *Carroll* exception to eliminate any warrant requirement. However, absent here is the element of probable cause which was essential to the reasonableness and legitimacy of the search and seizure in *Carroll*. As the Court said in *Carroll*:

It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on the chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search. Travelers may be so stopped in crossing an international boundary because of national self-protection reasonably requiring one entering the country to identify himself as entitled to come in, and his belongings as effects which may be lawfully brought in. But those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official, authorized to search, probable

cause for believing that their vehicles are carrying contraband or illegal merchandise. *Carroll v. United States*, supra, 267 U.S. at 153, 154, 45 S.Ct. at 285.

We note that the *Carroll* decision has been cited with approval by the Supreme Court of the United States as recently as 1977. See *United States v. Ramsey*, 431 U.S. 606, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977).

The search and seizure of defendant's vehicle must be justified, if at all, on grounds other than a finding that the investigating officer had probable cause to make the stop, since the State agrees that he did not. The critical question is whether there are any legitimizing factors present here which would justify the police action. The United States Supreme Court has set forth the following standard for judging the reasonableness of an official search or seizure:

[I]t is necessary "first to focus upon the governmental interest which allegedly justifies official intrusion upon the constitutionally protected interests of the private citizen," for there is "no ready test for balancing the need to search [or seize] against the invasion which the search [or seizure] entails." *Terry v. Ohio*, supra, 392 U.S. at 20, 21, 88 S.Ct. at 1879.

The State seeks to justify the initial detention of defendant[3] on the ground that a documents check is a reasonable form of limited detention of those operating motor vehicles on State highways. The State points to the inherent danger involved in the operation of motor vehicles, as evidenced by the large number of traffic related injuries which occur in this State and the United States generally, and concludes that the State has a substantial interest in regulating the use of the highways, and enforcing its licensing and vehicle registration laws. The State contends that the most effective method of enforcing its licensing and registration laws is to randomly stop motorists to check compliance with those laws. The State completes its argument by

---

**3.** We assume, as all counsel involved herein have, that if the initial detention of defendant was constitutional, all subsequent police acts were also since the marijuana was in the "plain view" of Officer Avena and as contraband it was subject to immediate seizure. *Ker v. California*, supra; *Miller v. State*, Del.Supr., 310 A.2d 867 (1973).

asserting that because they are necessary to further a legitimate State interest, random vehicle stops for the limited purpose of conducting a documents check are reasonable and constitutional even in the absence of probable cause.

■ We rule that before the government may single out an automobile to stop it, there must exist specific facts justifying the intrusion. Conversely, a random stop in the absence of specific justifying facts is unreasonable and unconstitutional. See *Commonwealth v. Swanger*, Pa.Supr., 453 Pa. 107, 307 A.2d 875 (1973), and *People v. Ingle*, N.Y.Ct.App., 36 N.Y.2d 413, 369 N.Y. S.2d 67, 330 N.E.2d 39 (1975). We recognize the legitimate state interest in enforcing licensing and registration laws, and note that in fact situations similar to that of the present case other courts have reached the conclusion that the state interests outweigh the interests of the individual. See *State v. Holmberg*, Neb.Supr., 194 Neb. 337, 231 N.W.2d 672 (1975), and *State v. Williams*, S.C.Supr., 237 S.C. 252, 116 S.E.2d 858 (1960). However, the factor which in our opinion makes random stops, absent justifying facts, unreasonable is the inherent arbitrariness of the procedure. The flaw in the process is that absolute discretion and authority is conferred upon the police to detain whomever they desire for whatever reason on the pretense of a documents check stop. Thus an officer prejudiced against any visibly identifiable group could stop a disproportionate number of persons in the group. No discrimination has been shown in the stop under examination here, but the evil of the possibility of discriminatory stops does exist. If we were to accept the State's position, discriminatory stopping procedures could be practiced with little or no chance for judicial review.

■ It has been asserted that a rigid invalidity rule as we adopt here is too broad, and that only where actual discriminatory intent is shown to have motivated the stopping officer, or where a license check is used as a pretext to investigate unrelated crime, should the random stop be illegal. See *Palmore v. United States*, D.C. Ct.App., 290 A.2d 573 (1972). However, burdening a criminal defendant with the task of proving that a police officer acted with an illegal subjective intent would as a practical matter emasculate any limited rule concerning random stopping procedures, and in turn, emasculate Fourth Amendment rights.[4]

■ We hold, therefore, that a random stop of a motorist in the absence of specific articulable facts which justify the stop by indicating a reasonable suspicion that a violation of the law has occurred is constitutionally impermissible and violative of the Fourth and Fourteenth Amendments to the United States Constitution. It follows that a random stop solely for the purpose of a documents check is an unreasonable and unconstitutional detention of those in the stopped vehicle. Because the stop in the present case was arbitrary, and not based on justifying facts, it was illegal, and the evidence gathered as a result of the stop must be excluded from defendant's trial. The Superior Court order granting defendant's motion to suppress was correct as a matter of law.

AFFIRMED.

---

4. For a thorough discussion of this important point See Note, Automobile License Checks and the Fourth Amendment, 60 Va.L.R. 666 (1974).