**STATE of Delaware,**

v.

**Robert S. COURSEY, Defendant.**

**Cr. I.D. 0602020812.**

Superior Court of Delaware,
New Castle County.

Submitted: Aug. 21, 2006.
Decided: Sept. 11, 2006.

---

**23.** *Id* at 803.

Caterina Gatto, Esquire, Deputy Attorney General, Wilmington, DE, for the State of Delaware.

Joseph A. Hurley, Esquire, Wilmington, DE, for defendant Robert S. Coursey.

## OPINION

DEL PESCO, J.

Defendant's motor vehicle was stopped for suspected window tint violation based on the officer's perception that the vehicle's window tint prevented the officer from seeing all occupants in the vehicle. The standard applied is legally incorrect, thus the stop does not meet the requirements of probable cause.

### Factual Background

On February 24, 2006 Delaware State Police Officer Nicholas Terranova was on patrol on Dupont Highway when he observed a vehicle traveling parallel to his patrol car with dark tinted windows. The vehicle, later determined to be operated by defendant Robert S. Coursey ("Coursey"), made an abrupt turn into the parking lot of a 7–11 store. Officer Terranova followed the vehicle into the parking lot with his lights activated. The defendant complied with the stop and parked the vehicle in a marked handicapped parking spot. Coursey had three minor children in the vehicle at the time of the stop. As a result of the traffic stop, Coursey was charged with multiple drug offenses, multiple counts of endangering the welfare of a minor, failure to use a child restraint, no proof of insurance, and operating a vehicle with improper window tinting.

### Analysis and Discussion

■ The defendant Robert S. Coursey has filed a motion to suppress the evidence which resulted from a motor vehicle stop on February 24, 2006. The stop was based on the fact that the police officer observed that the vehicle defendant was operating had tinted windows which "conceal[ed] all the occupants within the vehicle." [1]

Chapter 21, Section 4313(a) of the Delaware Code provides:

(a) No person shall operate any motor vehicle on any public highway, road or street with the front windshield, the side windows to the immediate right and left of the driver and/or side wings forward of and to the left and right of the driver

_____

1. Transcript of suppression hearing, p. 2.

that do not meet the requirements of Federal Motor Vehicle Safety Standard 205 ("FMVSS 205") in effect at the time of its manufacture.

The express purpose of FMVSS 205 is "to reduce injuries resulting from impact to glazing surfaces, to ensure a necessary degree of transparency in motor vehicle windows **for driver visibility,** and to minimize the possibility of occupants being thrown through the vehicle windows in collisions.[2] (emphasis supplied)

When the State was asked to identify the standards that apply to the enforcement of this statute, the State responded:

The purpose of FMVSS 205 is "to ensure a necessary degree of transparency in motor vehicle windows."[3] (citing 49 C.F.R. § 571.502 S2) In the Code of Delaware Regulations 85 800 067, the Delaware Department of Transportation, division of Motor Vehicles, adopted a regulation specifically addressing the tinting of side windows in vehicles. The regulation references 21 Del.C. § 4313 and states that the purpose behind the regulation is because "the Department of Public Safety needs a more definitive method in which to determine which products or materials are acceptable at the time of the vehicle safety inspection, *and to assist police officers in enforcing the law.*"[4]

The Code of Delaware Regulations, Department of Transportation, Division of Motor Vehicles. Regulation 85 800 067 says:

(2) The front side wing vents and windows to the immediate right and left of the driver must comply with the requirements of Federal Motor Vehicle Safety Standard 205. Glass coating material (film tint), when used in conjunction with glazing (vehicle glass) material, must provide a light transmission of not less than 70 percent. All specifications in this rule shall be within normal manufacturer's tolerance i.e., +–3%.

The State's effort to inform the Court as to the standard for the enforcement of 21 Del.C. § 4313 does not quote FMVSS 205 because it cannot. FMVSS 205 does not articulate a specific standard for enforcement. FMVSS 205 incorporates by reference ANS Z26.[5] It is ANS Z26 which contains the 70% requirement which appears to have been the basis for the Regulation 85 800 067.[6]

When the suppression hearing commenced, it was alleged that the defendant was stopped for two reasons. First, because of the tint of the windows. Second, because he parked in a handicapped space. The evidence revealed, and I find as fact, that the officer activated his lights before the defendant pulled into the handicapped parking place, thereby eliminating the parking location as a basis for the stop. The issue remains regarding window tint.

---

**2.** FMVSS 205, S2, LEXSTAT 49 CFR 571.205.

**3.** The incomplete quotation of the Purpose section of this statute, by omitting of the words "for driver visibility", in the context of the facts of this case, raises a question of candor.

**4.** Emphasis supplied in State's letter of August 18, 2006.

**5.** S5.1.1 Glazing materials for use in motor vehicles, except as otherwise provided in this standard shall confirm to the American National Standard "Safety Code for Safety Glazing Materials for Glazing Motor Vehicles Operating on Land Highways" Z–26.1–1977, January 26, 1977, as supplemented by Z26.1a, July 3, 1980 (hereinafter referred to as "ANS Z26").

**6.** I will leave for another case, the issue of whether this statute is unconstitutionally vague to justify a stop.

██ To be valid under the Fourth Amendment, an automobile stop must be based on an articulable and reasonable suspicion that the vehicle is subject to seizure for violation of the law.[7] Reasonable suspicion requires an objective basis.[8] Officer Terranova testified:

Q. What's the law?

A. The law for what the tinted windows?

Q. Yes.

A. You can't operate a vehicle—I can't recite it word for word.

Q. I don't expect you to do it word for word.

A. You want my interpretation?

Q. I want the substance of Federal Motor Vehicle Safety Standard 205 that in your estimation was violated that day?

A. You can't have window tint to the point where it conceals all occupants of the vehicle.

Q. And that's what you thought 205 says?

A. Yes. Not word for word.

\* \* \*

Q. I am going to hand you standard number 205 glazing materials and I would like to you isolate in there where it says that the law is that it is illegal glazing or tinting if the occupants cannot be seen inside the vehicle. Just find that for me please.

Have you ever seen that before in your life?

A. I never seen this copy sir, no.

Q. I will give you the chance to read all nine pages if you'd like, but I am going to suggest to you a question. Would it surprise you to no that nowhere in there does it make any reference to the number of persons in a vehicle as being law?

The Court: Number of persons?

Mr. Hurley: Of people being visible inside a vehicle. Would it surprise you to know it's not even mentioned directly, indirectly, implicitly?

Ms. Gatto: Your Honor, before we waste any of the Court's time I could stipulate based on what Hurley says that that is not in fact located in the Code.

Mr. Hurley: Thank you.

The Court: Are you comfortable accepting that stipulation?

The Witness: Yes.

The Court: Very well.

By Mr. Hurley:

Q. You agree with me if you thought that the standard legal standard under the referenced Federal Law was the visibility of occupants in the car and that is not the relevant legal standard you didn't properly understand the law?

The Witness: Not that section of law, sir.[9]

██ Failure to understand the law by a person charged with enforcing it is not objectively reasonable.[10]

### Conclusion

I find that the officer did not have a reasonable articulable suspicion based on fact and law. The motion to suppress is GRANTED.

IT IS SO ORDERED.

7. *Bease v. State*, 884 A.2d 495, 498 (Del.2005).

8. *Delaware v. Prouse*, 440 U.S. 648, 654, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), *affirming* 382 A.2d 1359 (Del.1978).

9. Transcript of suppression hearing, pp. 20–23.

10. *United States v. Tibbetts*, 396 F.3d 1132, 1138 (10th Cir.2005).