STATE of Delaware

v.

Terrance TROWER, Defendant (ID. No. 0607014181), Defendant.

Superior Court of Delaware, Kent County.

Submitted: Feb. 6, 2007.
Decided: April 18, 2007.

Alexis W. Slutsky, Department of Justice, Dover, DE, for State.

Sandra W. Dean, Public Defender's Office, Dover, DE, for Defendant.

## OPINION

VAUGHN, President Judge.

The defendant is charged with Possession With Intent to Deliver a Non–Narcotic Schedule I Controlled Substance, Maintaining a Vehicle for Keeping Controlled Substances, Possession of Drug Paraphernalia, and Resisting Arrest. He moves to suppress evidence seized by the police in connection with the drug charges.

A police officer on patrol on July 18, 2006 at 4:51 p.m. noticed that a vehicle had dark, tinted windows which prevented him from seeing the occupants inside. He stopped the vehicle for an equipment violation due to the tinted windows. As soon as the vehicle stopped, the defendant exited the vehicle and fled. The officer chased him until the defendant could no longer run due to exhaustion. When the officer caught up with him, he asked the defendant why he ran. The defendant responded that he was a motor vehicle habitual offender and didn't have a license.

The officer had seen the defendant throw something during the foot chase, but couldn't tell what it was. After securing the defendant, he retraced the route of the chase and found a bag of marijuana, which was dry and did not have any dirt or debris. He also found the defendant's cell phone at the base of a hedgerow which the defendant had run through.

The issue is whether the tint on the windows gave rise to a reasonable suspicion that the tint was a motor vehicle equipment violation, thus justifying the stop. For the reasons which follow, I conclude that it did, and that the motion should be denied.

## STANDARD OF REVIEW

An officer may detain an individual if he has a reasonable and articulable suspicion of criminal activity.[1] A reasonable and articulable suspicion is defined as an "officer's ability to 'point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion.' "[2] Reasonable suspicion "must be evaluated in the context of the totality of the circumstances as viewed through the eyes of a reasonable, trained police officer in the same or similar circumstances, combining objective facts with such an officer's subjective interpretation of those facts."[3] It "is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence...."[4] Upon reasonable cause, an officer can stop a vehicle to investigate a possible equipment defect.[5]

## DISCUSSION

Chapter 21, *Section* 4313(a) of the Delaware Code provides:

1. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

2. *Jones v. State*, Del.Supr., 745 A.2d 856, 861 (1999) (quoting *Terry*, 392 U.S. at 21, 88 S.Ct. 1868).

3. *Id.*

4. *Woody v. State*, Del.Supr., 765 A.2d 1257, 1263 (2001).

5. 21 *Del. C.* § 2144(a) (Any police officer may, upon reasonable cause, require the owner or operator of a vehicle to stop and submit such vehicle and the equipment to such further inspection and test with reference thereto as may be appropriate.); *Hall v. State,* 1998 WL 281206 at *6, 1998 Del.Super. Lexis 159 at *19 (If an officer has probable cause that the glass-tinting statute is being violated, the possibility of a medical excuse for the excessive window tint does not preclude an officer from

No person shall operate any motor vehicle on any public highway, road or street with the front windshield, the side windows to the immediate right and left of the driver and/or side wings forward of and to the left and right of the driver that do not meet the requirements of Federal Motor Vehicle Safety Standard 205 in effect at the time of its manufacture.

An exception exists for persons who possess a statement signed by a licensed practitioner of medicine and surgery or osteopathic medicine or optometry verifying that tinted windows are medically necessary for the owner or usual operator of the vehicle.[6]

The purpose of Federal Motor Vehicle Safety Standard 205 is set forth in 49 C.F.R. § 571.205 S2 as follows:

Purpose. The purpose of this standard is to reduce injuries resulting from impact to glazing surfaces, to ensure a necessary degree of transparency in motor vehicle windows for driver visibility, and to minimize the possibility of occupants being thrown through the vehicle windows in collisions.

Pursuant to authority granted in 21 *Del. C.* § 302, the Delaware Department of Transportation, Division of Motor Vehicles, has adopted a regulation to set forth more definitively the requirements of 21 *Del. C.* § 4313.[7] It reads, in pertinent part, as follows:

2.0 Authority

Whereas, the Department of Transportation needs a more definitive method in which to determine which products or materials are acceptable at the time of the vehicle safety inspection and to assist police officers in enforcing the law, the following regulation is adopted pursuant to 21 *Del.C.* § 302.

3.0 Glass Coating Material on Motor Vehicles

3.1.2 The front side wing vents and windows to the immediate right and left of the driver must comply with the requirements of Federal Motor Vehicle Safety Standard 205. Glass coating material (film tint), when used in conjunction with glazing (vehicle glass) material, must provide a light transmission of not less than 70 percent.[8]

This standard, that tinting must provide a light transmission of not less than 70 percent, mirrors the federal standard.[9]

The defendant contends that a reasonable and articulable suspicion that a tinted-window equipment violation exists must be based upon an observation from inside the vehicle looking out. He contends that there is no requirement that one viewing the vehicle from the outside be able to see the occupants inside. He further contends that the inability to see through the windows from the outside does not provide any reasonable basis to believe that the statute is being violated. Due to lighting conditions outside or inside the vehicle, the defendant contends, there may be a very significant difference in one's ability to see into the vehicle versus one's ability to see out. For these reasons, the defendant contends, a tinted-window violation is un-

---

making the initial stop.); *see also Malloy v. State,* 462 A.2d 1088, 1091 (Del.Supr.1983).

**6.** *Id.* at (d).

**7.** Delaware Dept. of Transportation, Division of Motor Vehicles, DE ADC 2 2000 2277, (Westlaw) (2007).

**8.** *Id.* at 3.1.2. (All specifications in the rule shall be within normal manufacturer's tolerance, i.e. + − 3%.)

**9.** 49 CFR 571.205 incorporates ANSI/SAE Z26.1–1996, which states the 70% light transmission standard.

enforceable except as a secondary offense, whereby the officer could examine the windows from the inside after a traffic stop for another offense. He relies upon the above-quoted section from the Code of Federal Regulations, which provides that the purpose of the standard is to ensure adequate driver visibility.[10]

It is true that the defendant could see out of the windows, because he was able to operate the vehicle on the roadway without running off the road. The defendant's contentions, however, are based upon an undue emphasis on the purpose of the federal standard, as opposed to the standard itself. The fact that the driver can see out of tinted windows does not establish that they allow 70% or more of light transmission, or rule out a reasonable suspicion that they do not.

The contention that the officer must look at the windows from inside the vehicle before he can be reasonably suspicious that they violate the standard is unpersuasive. "Reasonable suspicion" is not a demanding standard. It is less than probable cause and considerably less than preponderance of the evidence. The State's contention, that a reasonable suspicion of a violation arises where an officer cannot see the occupants in the vehicle, is more persuasive.

I find that window tint which is so dark that one cannot see the occupants inside the vehicle creates a reasonable suspicion that it violates the standard. This justifies the officer in stopping the vehicle, asking the driver whether he or she has a medical certificate for tinted windows, and conducting such further investigation of the windows as may be necessary and appropriate to confirm or disprove his suspicion.

I reject the defendant's contention that the statute can only be enforced as a secondary violation. Nothing in the text of the statute supports this contention.

The result I reach is consistent with other authorities which have upheld a traffic stop because of tinted windows like the ones involved here.[11]

■ The defendant also contends that the statute is unconstitutionally vague. However, the standard, "light transmission of not less than 70 percent," is an objective standard. It is not vague. Therefore, this contention is rejected.

For the foregoing reasons, the defendant's motion to dismiss is *denied*.

**IT IS SO ORDERED.**

---

10. The defendant also relies upon *State v. Coursey*, 906 A.2d 845 (Del.Super.2006), an opinion issue by this Court. That case appears to have been decided upon a contention that the officer there committed a mistake of law. Here, I do not find that the officer committed a mistake of law. It would appear, therefore, that *Coursey* is distinguishable. To the extent that *Coursey* is not distinguishable, if it is not, I respectfully decline to follow it.

11. *U.S. v. Wallace*, 213 F.3d 1216 (9th Cir. 2000); *People v. Vonthaden*, 13 Misc.3d 408, 819 N.Y.S.2d 661 (2006); *Florida v. Moore*, 791 So.2d 1246 (Fla.Dist.Ct.App.2001).