IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,

     v.

DENNIS L. STEVENS,

     Defendant.

I.D. No. 1612000849
Kent County

Submitted: May 23, 2017
Decided: June 8, 2017

## ORDER

Upon Defendant's Motion to Suppress Evidence
and Dismiss Charges.
*Summarily denied.*

Stephen E. Smith, Esquire, Department of Justice, Dover, Delaware; attorney for the State of Delaware.

James M. Stiller, Jr., Esquire of Schwartz & Schwartz, Dover, Delaware; attorney for the Defendant.

WITHAM, R.J.

Before the Court is a motion to suppress filed by the Defendant, Dennis L. Stevens. In his motion, Mr. Stevens seeks to suppress "any and all evidence of wrongdoing" acquired by law enforcement following the detention of Mr. Stevens pursuant to a traffic stop occurring on December 1, 2016.

**FACTS**

Mr. Stevens stands accused of Resisting Arrest with Force or Violence, Disregarding a Police Officer's Signal, Improper Turn, Driving while License Suspended or Revoked, Failure to Have Insurance Identification in Possession, Failure to Have Registration Card in Possession, Failure to Stop at a Stop Sign, Reckless Endangering in the Second Degree, and Assault in the Second Degree.

The facts are fairly straight forward. On December 1, 2016, Officer Donaldson, a K-9 handler, was on patrol with his K-9 partner "Ripper" and Probation and Parole Officer David Angelo, both officers were assigned to the Governors Task Force of Kent County. At around 3 p.m., Corporal Donaldson saw Mr. Stevens's vehicle turn without utilizing its turn signal. Soon thereafter, Corporal Donaldson initiated a traffic stop.

Corporal Donaldson then approached Mr. Stevens's vehicle and asked to see his driver's license, registration, and proof of insurance. Mr. Stevens then began to search through his car for these documents, but was unable to produce them to Corporal Donaldson. When Corporal Donaldson again requested Mr. Stevens' driver's license, Mr. Stevens started his vehicle and fled. Returning to his patrol vehicle, Corporal Donaldson, accompanied by Officer Angelo, gave pursuit. While

2

fleeing, officers observed Mr. Stevens violated numerous traffic laws, including failing to stop at a stop sign, and failing to use his turn signal. Soon thereafter, Mr. Stevens abruptly stopped his vehicle and Corporal Donaldson's vehicle struck Mr. Stevens's vehicle from the rear. Mr. Stevens then put his vehicle in reverse and backed up into Corporal Donaldson's vehicle, ramming it twice.

Mr. Stevens exited his vehicle and fled on foot. Officers gave Mr. Stevens verbal commands to stop, but Mr. Stevens continued running. Officer Angelo pursued on foot while Corporal Donaldson released his K-P partner "Ripper" to chase down Mr. Stevens. Officer Angelo overtook Mr. Stevens, tackling him to the ground. "Ripper" then overtook the two men, and, in the confusion, attacked and injured both Officer Angelo and Mr. Stevens.

## PARTIES' CONTENTIONS

Mr. Stevens argues that the traffic stop in this case was illegal, as law enforcement lacked reasonable suspicion to initiate a traffic stop against Mr. Stevens. Further, Mr. Stevens asserts that the real reason for the traffic stop was Corporal Donaldson's pretextual motivations.

The State responds that the traffic stop was validly initiated: Mr. Stevens was seen committing a traffic violation. The State also argues that Corporal Donaldson's subjective motivations are irrelevant to the validity of the traffic stop, and in any case, Officer Donaldson's reasons for pulling over Mr. Stevens were not pretextual.

## DISCUSSION

Before turning to the merits of the motion, it should be noted that Mr. Stevens

3

filed a motion to suppress that was nine pages long, three pages in excess of the page limit.[1] While Mr. Stevens filed a simultaneous motion to exceed the page limit, this should have been filed and granted before he filed a motion in violation of the rules. However, in light of this Court's policy in favor of reviewing motions on their merits,[2] the defect is *de minimus*, and shall not prevent the Court from considering the motion's substance.[3]

Mr. Stevens' argument that the stop was illegal relies almost entirely upon *State v. Heath*.[4] This reliance is misplaced. This Court has repeatedly declined to follow *Heath* insofar as it requires a subjective inquiry into the officer's intent.[5] Mr. Stevens' own motion acknowledges that this Court has declined to follow *Heath*. Not to be deterred, Mr. Stevens seeks to distinguish the facts here from those cases declining to follow *Heath*. Mr. Stevens mistakenly asserts that this Court has previously declined to follow *Heath* solely because of the practical difficulties in

---

[1] Super. Ct. Civil R. 78(b) ("[m]otions shall not exceed 6 pages in length"). Note that the Civil Rule is applicable, in the absence of a Criminal Rule on point. *See* Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule.").

[2] *Di's Inc. v. McKinney*, 673 A.2d 1199, 1203 (Del. 1996).

[3] *Fisher v. Beckles*, 2012 WL 3550497, at *2 (Del. Super. Ct. July 2, 2012).

[4] 929 A.2d 390 (Del. Super. Ct. Nov. 28, 2006).

[5] *State v. Hall*, 2017 WL 1449915, at *1 (Del. Super. Ct. Apr. 21, 2017); *State v. Darling*, 2007 WL 1784185, at *4 (Del. Super. Ct. June 8, 2007), *as corrected* (July 3, 2007); *see Turner v. State*, 25 A.3d 774, 777 (Del. 2011) (questioning Heath's viability).

assessing an officer's subjective intent. Therefore, Mr. Stevens argues, in cases where pretext is obvious, a "*Heath*-like" analysis should still apply.[6]

In fact, this Court does not follow *Heath* because it is directly contrary to the United States Supreme Court's holding in *Whren v. United States*,[7] which forecloses "*any argument* that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved."[8] This is because "the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment."[9] While it may be possible that Article I, § 6 of the Delaware Constitution is subject to a different analysis than the Fourth Amendment to the United States Constitution, such a determination is the proper province of the Delaware Supreme Court.[10] Under current Delaware law, this Court continues to consider the holding in *Whren* to be consistent with the protections afforded by the Delaware Constitution.[11]

---

[6]It should be noted that Defendant's statement in his motion that one of the four prongs of the test is that he was later arrested for and charged with a crime unrelated to the stop is inaccurate. He was charged in Count 3 of making an improper turn.

[7]517 U.S. 806 (1996).

[8]*Id.* at 813 (emphasis added).

[9]*Id.*

[10] *Darling*, 2007 WL 1784185, at *4.

[11]*Traylor v. State*, 458 A.2d 1170, 1174 (Del. 1983) ("Delaware law, though, gives a police officer the discretion to make a custodial arrest for violation of any motor vehicle law, and the exercise of that discretion, in itself, does not invalidate the search."); *State v. Tann*, 2010 WL

The proper analysis of the traffic stop's validity is to determine whether Corporal Donaldson had probable cause to believe that Mr. Stevens violated an applicable traffic regulation.[12] Our analysis focuses on the affidavit of probable cause: the "four corners" of the document must contain sufficient facts such that this Court can ascertain there was a factual basis for a determination of probable cause.[13] The affidavit reads that Corporal Donaldson observed a Volkswagen "traveling N/B on Lambert Dr . . . [and] proceeded to turn onto Millchop Ln E/B but failed to utilize a turn signal." Title 21, section 4155(a) provides that "[n]o person shall turn a vehicle at an intersection . . . without giving an appropriate signal." It therefore appears that by observing Mr. Stevens turn at an intersection without signaling, Corporal Donaldson had probable cause to believe Mr. Stevens committed a traffic violation. Therefore, the traffic stop was validly initiated.

Because the traffic stop was reasonable and did not violate Mr. Stevens' rights, there is no cause to prevent the introduction of evidence recovered or derived from the traffic stop and the subsequent events leading to Mr. Stevens' arrest.

The State seeks summary dismissal. The Court agrees. The Court finds that pursuant to Superior Court Civil Rule 41(f) and controlling case law, summary

---

4060304, at *2 (Del. Super. Ct. Sept. 23, 2010), *aff'd*, 21 A.3d 23 (Del. 2011), and *aff'd sub nom. Turner v. State*, 25 A.3d 774 (Del. 2011) ("the Delaware Supreme Court recognizes an officer's discretion in conducting a traffic stop and does not rely on an officer's actual, subjective motives to determine the reasonableness of an officer's course of conduct.")

[12]*McDonald v. State*, 947 A.2d 1073, 1078 (Del. 2008).

[13]*Id.* (citing *Pierson v. State*, 338 A.2d 571, 573 (Del. 1975)).

6

*State v. Dennis L. Stevens*
I.D. No. 1612000849
June 8, 2017


proceedings are appropriate.

## CONCLUSION

For the foregoing reasons, Mr. Stevens's motion to suppress is **SUMMARILY DENIED**.

IT IS SO ORDERED.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:    Prothonotary
cc:    Stephen E. Smith, Esquire
        James M. Stiller, Jr., Esquire