IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAMONT VALENTINE, | § | |
| | § | |
| Defendant Below, | § | No. 15, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID. N1603014628 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 9, 2019
Decided: March 12, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## **O R D E R**

This 12th day of March 2019, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) Lamont Valentine was pulled over on March 19, 2016 by Delaware State Police Trooper Chase Lawson for speeding. Upon approaching Valentine's Dodge Challenger, Lawson smelled marijuana, although Lawson could not tell if it was burnt or raw marijuana.

(2) Lawson asked Valentine for his license and registration, returned to his patrol car, and called for backup. Once backup arrived, Lawson asked Valentine to exit his car while police searched it.

(3) As a result of their search, police found a 9mm pistol and 34 rounds of ammunition in Valentine's car. Police did not find any marijuana.

(4) Valentine moved to suppress evidence of the pistol and ammunition, arguing that the smell of marijuana did not provide probable cause to search his car. The Superior Court denied that motion.

(5) After a bench trial, the Superior Court found Valentine guilty of one count of possession of a firearm by a person prohibited.[1] He was sentenced to a ten-year minimum mandatory sentence as a repeat offender. Valentine timely appealed to this court.

* * *

(6) Valentine first appeals his sentencing as a repeat offender. Valentine has two prior felony convictions, both from Pennsylvania.

(7) Valentine's first conviction occurred after a jury found him guilty of violating 35 PA. CONS. STAT. § 780-113(30), which prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance . . . or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance."

(8) Valentine's second conviction occurred after he pleaded guilty to violating 18 PA. CONS. STAT. § 6106(a)(1), which prohibits "carr[ying] a firearm in

---

[1] 11 *Del. C.* § 1448.

2

any vehicle or any person who carries a firearm concealed on or about his person . . . without a valid and lawfully issued license."

(9) The State sought to have Valentine sentenced pursuant to 11 *Del. C.* § 1448(e)(1)(c), which provides for enhanced sentencing for those who have been previously convicted of two or more violent felonies, a term defined in 11 *Del. C.* § 4201(c). Defendants with out-of-state convictions that are "the same as or equivalent to" a Delaware violent felony are also subject to enhanced sentencing.[2]

(10) Neither 35 PA. CONS. STAT. § 780-113(30), nor 18 PA. CONS. STAT. § 6106(a)(1), however, are "the same as or equivalent to" a Delaware violent felony statute. As mentioned, 35 PA. CONS. STAT. § 780-113(30) criminalizes, among other things, manufacturing, delivering, or possessing with intent to deliver controlled substances and counterfeit controlled substances. Although 16 *Del. C.* §§ 4754(1) and 4758 collectively criminalize the acts in 18 PA. CONS. STAT. § 6106(a)(1), 16 *Del. C.* § 4758—the statute that covers counterfeit controlled substances—is not a violent felony. And as mentioned, 18 PA. CONS. STAT. § 6106(a)(1) criminalizes carrying a firearm in a vehicle without a license and carrying a concealed weapon without a license. Although 11 *Del. C.* § 1442 criminalizes carrying a concealed weapon without a license, it does not otherwise criminalize possessing a firearm in a vehicle if that firearm is not concealed.

---

[2] 11 *Del. C.* § 1448(e)(3).

(11)   But statutes need not be identical for us to find that a defendant committed an offense that is "the same as or equivalent to" an offense specified under Delaware law.  If a jury has found facts or the defendant has pleaded guilty to facts that establish that a defendant committed an offense specified under Delaware law, then § 1448 will also act to enhance a defendant's sentence.[3]

(12)   Thus, in addition to statutory definitions, a sentencing court may look "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."[4]  These documents are called *Shepard* documents after *Shepard v. United States*.[5]

(13)   With respect to Valentine's conviction under 35 PA. CONS. STAT. § 780-113(30), the jury verdict sheet, a *Shepard* document, indicated that he was convicted of possession with intent to distribute of marijuana specifically.[6]  Consequently, this offense is the "same as or equivalent to" a Delaware violent felony.

(14)   With respect to Valentine's conviction under 18 PA. CONS. STAT. § 6106(a)(1), however, no *Shepard* document indicates that Valentine was convicted for possessing a concealed weapon on his person.  The only document in the record

---

[3] *See Mathis v. United States*, 136 S. Ct. 2243, 2249–52 (2016).
[4] *Id*. at 2249.
[5] 544 U.S. 13 (2005).
[6] App. to Op. Br. A16 (hereafter "A__").

indicating that Valentine had a weapon on his person as opposed to in a vehicle is the arrest report. But Valentine's written plea colloquy does not incorporate this arrest report and only indicates that Valentine pleaded guilty to 18 PA. CONS. STAT. § 6106(a)(1).[7]

(15) Accordingly, Valentine's conviction under 18 PA. CONS. STAT. § 6106(a)(1) is not an offense that is the "same as or equivalent to" any Delaware violent felony so defined by 11 *Del. C.* § 4201, and Valentine is not subject to enhanced sentencing under 11 *Del. C.* § 1448(e)(1)(c), which requires Valentine to have been convicted on two or more separate occasions of a violent felony.

\* \* \*

(16) Valentine also appeals the denial of his motion to suppress. Under the Fourth Amendment and under Article I, § 6 of the Delaware Constitution, police may search a car without a warrant if they have probable cause to believe that the car contains contraband or evidence of criminal activity.[8]

(17) Probable cause determinations are made by evaluating the totality of the circumstances, but Valentine argues that the circumstances here did not add up to probable cause. According to Valentine, a traffic violation and the odor of marijuana—without a determination of whether the odor was that of raw or burnt

---

[7] A229–30.

[8] *Tann v. State*, 21 A.3d 23, 27 (Del. 2011); *State v. Prouse*, 382 A.2d 1359, 1363 (Del. 1978), *aff'd,* 440 U.S. 648 (1979).

5

marijuana—are insufficient to create probable cause justifying a motor vehicle search.

(18) Valentine argues that although the odor of marijuana gives a police officer probable cause under the Fourth Amendment, recent changes to Delaware law and public attitudes mandate a different result under Article I, § 6 of the Delaware Constitution. In particular, Valentine cites the Delaware Medical Marijuana Act[9] and House Bill 39, which decriminalized personal use quantities of marijuana.[10] Valentine also cites a number of surveys and events indicating widespread support for marijuana legalization among Delawareans.

(19) We disagree. Marijuana was, and remains, contraband subject to forfeiture.[11] Use or consumption of marijuana in a moving vehicle is a misdemeanor.[12] That possession of personal uses of marijuana is not a criminal offense does not render marijuana odors, raw or burnt, irrelevant to determinations of probable cause. The totality of the circumstances, including Valentine's speed (32 miles per hour above the speed limit), the time of day (1 a.m.), and the odor gave Lawson probable cause to believe that Valentine's car contained contraband, in particular, marijuana.

---

[9] 16 *Del. C.* §§ 4901A–28A.
[10] 80 Del. Laws ch. 40 (2015), codified at 16 *Del. C.* §§ 4701(33), 4764, 4771, 4774, 4795.
[11] 16 *Del. C.* § 4764(c); *see Florida v. White*, 526 U.S. 559, 561 (1999) (warrant not required to seize an automobile for purposes of civil forfeiture; probable cause is sufficient); *Carroll v. United States*, 267 U.S. 132, 150–52 (1925) (discussing searches and seizures by customs officers).
[12] 16 *Del. C.* § 4764(d).

* * *

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED as to Valentine's convictions and the denial of his motion to

suppress, VACATED as to Valentine's sentence, and REMANDED for resentencing.

BY THE COURT:


/s/ Gary F. Traynor
Justice