# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **I.D.: 1912025448,** |
| v. | ) | **1912025451** |
| | ) | |
| KISHON SKATES and | ) | |
| NAGIERE HOSKINS, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: August 30, 2021
Decided: September 2, 2021

## ORDER ON DEFENDANTS'
## MOTION TO SUPPRESS

*Matthew Keating, Deputy Attorney General,* Office of the Attorney General, Carvel State Office Building, 820 N. French Street, 7th floor, Wilmington, Delaware, *Attorneys for the State of Delaware.*

*Jason R. Antoine, Esquire*, 1702 Kirkwood Highway, Suite 2C, Wilmington, DE 19805, *Attorney for Defendant Kishon Skates.*

*Michael C. Heydon, Esquire*, 1201 King Street, Wilmington, DE 19801, *Attorney for Defendant Nagiere Hoskins*.

**Jones, J.**

Defendants, Kishon Skates ("Skates") and Nagiere Hoskins ("Hoskins") have filed a Motion to Suppress to challenge the admissibility of evidence resulting from a search of their persons and of an automobile that Skates was driving and in which Hoskins was a passenger. For the reasons that follow, Defendants' Motion to Suppress is DENIED.

On August 30, 2021, the Court held a hearing on the Motion to Suppress at which time Detective Sean Nolan ("Nolan"), Probation Officer Joseph Scioli ("Scioli") and Probation Officer Daniel Collins ("Collins") all testified. Their testimony reveals the following facts which the Court finds were proven by the State.

On December 12, 2019, around 10:45 pm, Nolan was on patrol with Scioli and Collins. All the officers were part of the Safe Streets program. While traveling southbound in the 2800 block of Jessup St., they noticed the car in front of them – a BMW 325i, with temporary registration XF141343 – did not have its taillights or headlights on. After confirming that the BMW did not have its lights on, by turning off the lights of the police vehicle, Nolan activated his emergency lights to initiate a traffic stop and the suspect vehicle pulled over. Nolan approached the driver's door, while Scioli approached the front passenger side door. Collins remained behind the BMW near the center of the trunk.

The driver, Skates, opened his door to speak with Nolan because the driver's window was not functioning. Scioli was able to speak with the passenger, Hoskins, through the open car window.

Both Nolan and Scioli could smell a strong and overwhelming odor of marijuana emanating from within the BMW. Additionally, Nolan and Scioli observed several small pieces of suspected marijuana on Hoskins' shirt as well as on the front passenger side floorboard. Both Skates and Hoskins were removed from the vehicle.

Skates told Nolan he had marijuana in his jacket pocket. Hoskins told Scioli he had marijuana in his pants. After a search, Nolan found marijuana in Skates' jacket and pants pocket, and Scioli found marijuana in Hoskins' pants. The suspected marijuana in Skates' jacket and pants pocket was in five (5) different bags and weight approximately 25 grams total. The marijuana in Hoskins' pants was found in two (2) different bags and weight approximately 21 grams in total.

After Skates and Hoskins had been removed from the car all three officers still smelled an overwhelming odor of marijuana coming from the car. This resulted in a search of the vehicle. Within a natural void under the center console they located a S&W .38 special revolver, fully loaded with five rounds. In the same void, officers also discovered 78 bags of suspected heroin estimated to be 0.546 grams.

On November 11, 2020 Skates filed a Motion to Suppress evidence seized following this stop and subsequent searches. Subsequently, Hoskins joined the Motion.

## STANDARD OF REVIEW

On a Motion to Suppress evidence in a *warrantless* search or seizure, "the State bears the burden of proof."[1]

Police Officers are permitted to stop a motor vehicle based on a police officer's reasonable suspicion that the operator or occupant of the vehicle has committed or is committing a violation of the law, which includes traffic laws.[2]

A determination of reasonable suspicion is "evaluated in the context of the totality of circumstances to assess whether the detaining officer had a particularized and objective basis to suspect criminal activity."[3] The totality of the circumstances of the surrounding situation is "viewed through the eyes of a reasonable, trained police officer in the same or similar circumstances, combining objective facts with such an officer's subjective interpretation of those facts."[4] Thus, when determining whether reasonable suspicion exists to justify a detention, the court "defers to the experience and training of law enforcement officers."[5]

Since the motion challenges a warrantless search, the burden is on the State to establish that there was probable cause to justify a warrantless search of a vehicle.[6] Under the automobile exception to the warrant requirement, the police must have

---

[1] *Daniel Hunter v. State*, 783 A.2d 558, 560 (Del. 2001).

[2] *Heather Juliano v. State of Delaware*, 2020 WL 6815414 (Del. 2020); *State of Delaware v. William J. Prouse, III*, 382 A.2d 1359, 1361 (Del. 1978), *aff'd* 448 U.S. 648 (1979).

[3] *Jose Lopez-Vazquez v. State of Delaware*, 956 A.2d 1280, 1288 (Del. 2008).

[4] *Id.*, *Uriel C. Harris v. State of Delaware,* 806 A.2d 119, 127 (Del. 2002); *Joseph Jones v. State of Delaware*, 745 A.2d 856, 861 (Del. 1999); *Josiah Woody v. State of Delaware*, 765 A.2d 1257, 1263 (Del. 2001).

[5] *Josiah Woody v. State of Delaware*, 765 A.2d 1257, 1263 (Del. 2001).

[6] *Hunter v. State*, 783 A.2d 558, 560 (Del. 2001). (Emphasis omitted).

probable cause to believe that an automobile is carrying contraband or evidence of a crime before they may lawfully search the vehicle without a warrant.[7] Probable cause is subject to a totality of the circumstances analysis. To establish probable cause, the police are required to assess whether there are "facts which suggest, when *those facts* are viewed under the totality of the circumstances, that there is a fair probability that the defendant has committed a crime."[8]

## ANALYSIS

Neither of the defendants challenge the stop of the car. The question before the Court is the officers' actions in removing the defendants from the car, and at least, as to Skates, the ultimate search of the car.[9]

I first turn to the defendants' claims relating to their removal from the car. In this case, the officers smelled an overwhelming odor of marijuana, and saw what appeared to be marijuana on Hoskins and the floorboards of the car. These observations provided sufficient justification for the officers to ask that the defendants remove themselves from the car. Upon their immediate removal from the car, both defendants told the officers that they had marijuana on their respective persons. Their admissions were confirmed when what appeared to be marijuana was

---

[7] *Tatman v. State*, 494 A.2d 1249, 1251 (Del.,1985).
[8] *Id.* (emphasis in original).
[9] Initially Hoskins joined in the motion to suppress as to the search of the car but ultimately conceded during the suppression hearing that he lacked standing as he was not the owner of the car nor exercised control over it. As no evidence was presented at the hearing that Hoskins either owned the vehicle or exercised control over it, had Hoskins not waived an argument over the search of the car, this Court would have found for the State on the basis of *Dale v. State*, 155 A.3d 833 (Del., 2017).

5

found on their persons. All of these facts provided probable cause to search each individual.

I now turn to the warrantless search of the automobile. As set forth above, this claim belongs only to Skates on the basis of the facts, as Hoskins has no standing to raise this claim.

Defendants point this Court to the recent decision in *State v. Cornelius*, 2021 WL 2879889 (Del.Super., 2021) and argue that *Cornelius* compels this Court to grant the motion to suppress. Like the instant case, *Cornelius* involved a stop of an automobile and a search of an automobile where the officers smelled an odor of marijuana in the car. The *Cornelius* Court first ruled, that unlike the instant case, that the State had failed to meet its burden of proving a valid traffic stop. The Court went on to find that the search of the automobile was invalid. The basis of this conclusion was the Court's view that the testimony of the investigating officer was inconsistent and not credible. As an additional justification, the Court noted that normal police procedure and recordkeeping were not followed. These are not the facts of the instant case.

This Court finds that the testimony of the three officers was reliable and consistent with each other.[10] Additionally, the officers followed proper police

---

[10] Defendants attempt to paint Officer Dolan's testimony at the suppression hearing as inconsistent with his testimony at the preliminary hearing. At the Preliminary hearing, Dolan testified that he could not say whether the odor from the car was burnt or raw marijuana as they both smelled the same. At the suppression hearing, Dolan testified that he thought the marijuana in the car was raw but both raw and burnt smell the same. The Court does not find that this testimony impeaches Dolan's credibility.

procedure.[11]  Between the three officers they had over thirty years of experience investigating drug crimes.  Their testimony that they were able to identify marijuana flakes on the floorboard and on the clothing of Hoskins and the smell coming of marijuana from the car was credible and supported by their experience.  This testimony was clearly within the expertise of these three police officers who possessed over 30 years between them and have investigated hundreds of drug crimes.  In short, the reliability and credibility issues present in *Cornelius* are simply not present in the instant case.

In *Valentine v. State*, 2019 WL 1178765 (Del.Supr., 2019), the defendant was pulled over for speeding.  Upon approaching the vehicle the investigating police officer smelled marijuana, although he could not tell if it was burnt or raw marijuana.  In upholding the Superior Court's decision denying the motion to suppress the Supreme Court ruled that the possession of personal use of marijuana does not render marijuana odors, raw or burnt, irrelevant to the determination of probable cause.  The Court found in *Valentine* that the totality of the circumstances, including the defendant's speed, the time of day and the odor gave the officer probable cause to believe that Valentine's car contained contraband, in particular, marijuana.

---

[11] Defendants challenged this in two ways.  First, Defendants argued that the fact that two of the officers were with Probation and Parole and working with a City of Wilmington Police Officer was somehow not proper procedure.  This Court can find nothing improper about this.  The Safe Streets program involves a team approach between the City of Wilmington and Probation and Parole which is completely proper.  Defendant Skates further challenges Dolan's action because he did not ask for Skates license, registration and insurance information. This argument mischaracterizes the testimony of Dolan who testified that he does not remember specifically asking for this information in this case but that he does it in every case.  Clearly, Dolan did not testify that he did not perform this task in this case.

7

The instant case is more akin to *Valentine* than *Cornelius*. In the instant case the officers (1) smelled the overwhelming odor of marijuana after Skates and Hoskins had exited the car; (2) were told by the defendants that each was in possession of marijuana; (3) found five bags of marijuana in Skates' pocket; and a similar amount on Hoskins' person; and (4) saw what appeared to be marijuana on the floorboards.[12] The totality of these facts and circumstances are sufficient to establish the probable cause necessary to search the vehicle.

**WHEREFORE**, for all the reasons stated herein, the Defendants' Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

*/S/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

Original to the Prothonotary

---

[12] While Skates argues in his Motion that possession of marijuana is a civil offense and not criminal, in *Valentine v. State*, the Delaware Supreme Court upheld the search of a car following an odor of marijuana. 207 A.3d 166 (Del. 2019). The Court pointed out that "[m]arijuana was, and remains, contraband subject to forfeiture. **Use or consumption of marijuana in a moving vehicle is a misdemeanor.**" *Id. (emphasis added)*. *See also* 16 *Del.C.* §4764(d) and 21 *Del.C.* §4177. "That possession of personal uses of marijuana is not a criminal offense does not render marijuana odors, raw or burnt, irrelevant to determinations of probable cause." *Id.* The Court reiterated this holding in *Juliano* as well. *Juliano v. State of Delaware*, 2020 WL 6815414 at *17.