IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDREA HARRISON, | § | |
| | § | No. 487, 2015 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | ID No. 1406012926 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 15, 2016
Decided: July 8, 2016

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Mary Ann McLane Detweiler, Esquire, Office of the Public Defender, Wilmington, Delaware, for Appellant.

Karen V. Sullivan, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for Appellee.

**VAUGHN**, Justice:

Defendant-Below/Appellant, Andrea Harrison, appeals from a Superior Court bench ruling which denied her motion to suppress evidence obtained during a traffic stop.[1]

On June 17, 2014, Delaware State Police Corporal Eric Huston was on patrol when he observed a tan Buick Century cross U.S. Route 13 on Bacon Avenue in New Castle County. He checked the vehicle's registration and learned that the vehicle was registered to a woman with a suspended license. He also learned that the owner was a white female and approximately forty years old. The driver of the vehicle looked to Corporal Huston to be a white female about forty years old. Thinking that the driver was the owner, Corporal Huston stopped the vehicle. It turned out that the driver was not the owner, but Harrison, who had borrowed the vehicle from the owner. After Corporal Huston learned Harrison's identity, he found that her driver's license was also suspended and she was the subject of an outstanding warrant. He took her into custody, and after a search of the vehicle, she was charged with Driving with a Suspended License,[2] Possession of Marijuana,[3] four counts of Possession of a Controlled Substance,[4] and Endangering the Welfare of a Child.[5]

---

[1] Appellant's Op. Br., Ex. A.
[2] 21 *Del. C.* § 2756(a).
[3] 16 *Del. C.* § 4764(a).
[4] 16 *Del. C.* § 4763(c).
[5] 11 *Del. C.* § 1102(a)(1).

1

In November 2014, Harrison filed a motion to suppress the evidence collected during the search of the vehicle. A hearing was held on the motion, and at its conclusion, the trial court denied the motion from the bench. The trial court held that on the facts as Corporal Huston reasonably believed them to be, he had a reasonable and articulable suspicion that the vehicle's registered owner was in fact driving since Harrison matched the owner's description. Harrison was subsequently convicted of all charges except Endangering the Welfare of a Child.[6] This appeal followed.

Harrison contends that Corporal Huston did not have a reasonable and articulable suspicion that she was driving on a suspended license, and the traffic stop therefore violated her Fourth Amendment right to be free from unreasonable searches and seizures. In other words, she claims that her Fourth Amendment rights were violated when she was stopped for merely matching the description of the vehicle's registered owner.

"[When] reviewing the denial of [a] motion to suppress evidence based on an allegedly illegal stop and seizure, we conduct a *de novo* review to determine whether the totality of the circumstances, in light of the trial judge's factual findings, support a reasonable and articulable suspicion for the stop."[7]  "In order to satisfy the

---

[6] For reasons not relevant to this appeal, the State *nolle prosequi* this charge at the end of trial.
[7] *Lopez-Vazquez v. State*, 956 A.2d 1280, 1285 (Del. 2008).

2

reasonable and articulable standard, the officer must point to specific facts, which viewed in their entirety and accompanied by rational inferences, support the suspicion that the person sought to be detained was in the process of violating the law."[8] "The totality of circumstances, as viewed through the eyes of a reasonable, trained officer in the same or similar circumstances, must be examined by both the trial judge and appellate courts to determine if reasonable suspicion has been properly formulated."[9]

Harrison's claim has no merit. Corporal Huston testified that when he ran the vehicle's registration number, he learned that the owner's license was suspended. He also learned that the owner was an approximately forty-year old, white woman. As he continued following the vehicle, he determined that the driver met that description. The fact that the driver turned out to be Harrison and not the owner is irrelevant because that fact was not known to Corporal Huston at the time he initiated the stop. It is clear from the record that Corporal Huston had a reasonable and articulable suspicion that Harrison was the vehicle's registered owner and driving on a suspended license. Therefore, the trial court did not abuse his discretion or commit legal error when it denied Harrison's motion to suppress.

For these reasons, the Superior Court's judgment of conviction is affirmed.

---

[8] *Riley v. State*, 892 A.2d 370, 374 (Del. 2006) (internal quotation marks omitted).
[9] *Id.*

3