IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GERALD AIKENS, | § | |
| | § | No. 63, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1501012505 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 20, 2016
Decided: August 29, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 29th day of August 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) In October 2015, the defendant-appellant, Gerald Aikens, was convicted following a Superior Court bench trial of Possession of a Firearm by a Person Prohibited ("PFPP"), Carrying a Concealed Deadly Weapon ("CCDW"), and Driving While Suspended. Following a presentence investigation, the Superior Court sentenced Aikens to a total period of thirteen years at Level V incarceration to be suspended after serving five years in prison for a period of probation. This is Aikens' direct appeal.

(2)     Aikens' counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c).  Aikens' counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  By letter, Aikens' attorney informed him of the provisions of Rule 26(c) and provided Aikens with a copy of the motion to withdraw and the accompanying brief.  Aikens also was informed of his right to supplement his attorney's presentation.

(3)     In response to his counsel's Rule 26(c) brief, Aikens filed four different documents raising many overlapping issues.  His distinct arguments are that: (i) the trial court improperly considered hearsay evidence regarding statements made by Aikens at his videophone arraignment; (ii) the State engaged in misconduct and committed *Brady* and *Deberry* violations by failing to preserve and test a partial fingerprint obtained from the gun found in his car; (iii) the State erred in admitting testimony concerning marijuana found in Aikens' car at the time of his arrest because those drugs were not properly authenticated and because the State did not prove beyond a reasonable doubt that he possessed marijuana; (iv) the police stop of his vehicle was pretextual and the resulting search violated his constitutional rights; (v) he was never given *Miranda* warnings; (vi) the testifying officer committed perjury; (vii) the trial judge improperly engaged

in an unrecorded sidebar with counsel; (viii) he was not driving without a license; (ix) his waiver of a jury trial was not knowing, intelligent, and voluntary; and (x) the evidence was insufficient to sustain his convictions.

(4) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) The State's evidence at trial fairly established the following version of events. On January 21, 2015, a Delaware State police officer was sitting in his patrol car at the intersection of Harmony Road and Route 273 in New Castle County. He saw a green Monte Carlo exit a gas station parking lot and drive northbound in the southbound lane of Harmony Road. The officer pulled his car behind the vehicle. He checked the vehicle's registration and determined that one of the vehicle's owners, Aikens, had a suspended driver's license. The officer pulled the vehicle over. Aikens was the driver, and Khalif Samuels was his front seat passenger. The officer

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

smelled freshly burned marijuana and saw, in plain view, a plastic bag containing vials filled with a green leafy substance, which later field tested positive for marijuana.

(6) The officer asked both men to exit the vehicle. The officer searched the car and found a loaded handgun in the closed center console. Both men were arrested. The gun was later tested for fingerprints, but no usable prints were recovered. During his videophone arraignment, Aikens twice said to the Justice of the Peace that the gun belonged to him and that the police should not have arrested Samuels. After the magistrate reminded him of his right to remain silent, Aikens again stated that the gun was his. It was undisputed that Aikens was prohibited from possessing a gun. Aikens did not testify at trial. During closing, defense counsel argued that without fingerprints to connect him to the gun, there was reasonable doubt that Aikens, and not Samuels, was in possession of the gun. The Superior Court convicted Aikens of all three charges.

(7) Aikens' first point on appeal is that the Superior Court improperly considered hearsay evidence of statements that Aikens made during his videophone arraignment. Aikens' characterization of his statements as hearsay, however, is simply incorrect. Under Delaware Rule

4

of Evidence 801(d)(2)(A), a party's own statements are *not* hearsay.[2]  This argument has no merit.

(8)    Aikens next contends that the State violated his rights by failing to preserve and test fingerprint evidence recovered from the gun.  Aikens is incorrect.  Through the testimony of the arresting officer, the State presented the laboratory test results of the fingerprint evidence that was recovered from the gun.  The report concluded that "latent prints are of no value to the comparison."  The report was admitted without any objection by Aikens, and Aikens' trial counsel argued in closing that the lack of fingerprint evidence linking Aikens' to the gun created reasonable doubt that the gun had been in Aikens' possession.  There is no factual basis for Aikens' contention that the State failed to preserve evidence or violated any discovery requirements.

(9)    Aikens' next two issues are intertwined.  He argues that the police officer's stop of his vehicle was pretextual and the resulting search violated his constitutional rights.  He also contends that the Superior Court erred in admitting testimony concerning marijuana seen in plain view in his car at the time of the traffic stop because the evidence was not properly authenticated and because the State did not prove that he possessed marijuana beyond a reasonable doubt.  Because the State did not charge him

---

[2] D.R.E. 801(d)(2)(A) provides that any statement that is offered against a party and is the party's own statement is not hearsay.

with any drug offense, Aikens asserts that the marijuana also was a pretext for the resulting search of his vehicle, which was unconstitutional, and that the evidence seized as a result of that search (i.e., the gun) should have been deemed inadmissible.

(10) Aikens, however, did not file a motion to suppress the evidence seized as a result of the search of his vehicle, nor did he raise any objections at trial to the testimony concerning his possession of marijuana. Thus, we review these claims for plain error.[3] Plain error exists when the error complained of is apparent on the face of the record and is so prejudicial to a defendant's substantial rights as to jeopardize the integrity and fairness of the trial.[4]

(11) We find no plain error in this case. The arresting officer testified at trial that he saw Aikens' vehicle driving northbound in a southbound lane. The officer also ran a check and discovered that one of the vehicle's registered owners, Aikens, had a suspended license. Given this testimony, we reject Aikens' belated contention that the stop was pretextual and unjustified.[5]

---

[3] Del. Supr. Ct. R. 8 (2016).
[4] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[5] *Harrison v. State*, ___ A.3d ___, 2016 WL 3678292 (Del. July 8, 2016).

(12) Moreover, at Aikens' bench trial, the trial judge, *sua sponte*, raised the issue of the justification for the officer's search of Aikens' vehicle. Only then did the prosecutor proffer the officer's testimony concerning the smell of freshly-burned marijuana and the bag of marijuana in plain view in Aikens' car. Aikens did not object to this testimony, and we find no plain error in its admission.[6] Contrary to Aikens' suggestion, the State was not required to establish a chain of custody of the marijuana because the marijuana itself was not admitted into evidence. Moreover, because the possession of marijuana charge was dismissed before trial, the State was not required to prove that Aikens possessed marijuana beyond a reasonable doubt. The presence of marijuana in plain view in Aikens' vehicle was sufficient justification to arrest Aikens and to conduct a search of the vehicle beyond the purpose of the initial traffic stop.[7] We find no plain error with respect to the admission of the gun seized from Aikens' vehicle as a result of the officer's search.

(13) Aikens also appears to argue that the arresting officer's testimony concerning the marijuana he found in Aikens' car was perjured. The sole basis for Aikens' allegation is that the State did not offer this testimony until the trial judge, *sua sponte*, raised the question about the

---

[6] Del. Supr. Ct. R. 8.
[7] *Jenkins v. State*, 970 A.2d 154, 158-59 (Del. 2009).

7

justification for the search of Aikens' vehicle.  As already noted, however, Aikens did not challenge the admission of this testimony.  There is no support in the record for Aikens' conclusory allegation that the arresting officer gave false testimony.

(14)  Aikens next asserts that he was never advised of his *Miranda* rights.  To the extent that Aikens suggests that he made statements to the police that should have been suppressed, he does not identify what those statements were.  Moreover, in the absence of plain error (which we do not find), his failure to raise this issue below constitutes a waiver of the claim on appeal.[8]

(15)  Aikens also contends that his waiver of his right to a jury trial and his waiver of his right to testify were not knowing and intelligent because he was under the influence of drugs.  The trial transcript, however, belies these assertions.  The record reflects that the Superior Court judge engaged in appropriate colloquies with Aikens regarding his waiver of both of these trial rights.  Aikens responded to the judge intelligibly, and there is no evidence in the record to suggest that Aikens was not competent to waive these rights.  Thus, we find no merit to this belated claim.

---

[8] Del. Supr. Ct. R. 8.

(16) Aikens' next claim—that the Superior Court improperly engaged in an unrecorded sidebar during trial—is also unsupported by the trial transcript. The transcript reflects that during the course of trial, the judge held only one sidebar with counsel regarding the justification for the search of Aikens' vehicle. That sidebar was recorded and is part of the trial record. There is no factual basis for Aikens' claim to the contrary.

(17) Finally, Aikens contends that he was *not* driving without a license and that the evidence was insufficient to support any of his convictions. In reviewing a sufficiency of the evidence claim, the Court must determine, after viewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[9] In this case, Aikens' counsel conceded at trial that Aikens was driving and that his license was suspended. Accordingly, the State's evidence was sufficient to prove Aikens guilty of that charge. Moreover, with respect to the weapon offenses, the evidence at trial reflected that Aikens was prohibited from possession a firearm, that a gun was found in the center console of Aikens' car while Aikens was driving it, and that Aikens admitted during his arraignment that the gun belonged to

---

[9] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

him.  Under the circumstances, the evidence was sufficient to prove Aikens' guilty of PFPP and CCDW.[10]

(18)   This Court has reviewed the record carefully and has concluded that Aikens' appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Aikens' counsel has made a conscientious effort to examine the record and the law and has properly determined that Aikens could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[10] *Lecates v. State*, 987 A.3d 413, 426 (Del. 2009).