# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | Def. I.D. # 2410000422 |
| | : | Cr. A. Nos. S24-10-0376, 0377, |
| v. | : | 0378, 0379 |
| | : | |
| RONALD COFFEY, | : | |
| Defendant. | : | |

Submitted: May 8, 2025
Decided: May 22, 2025

*Defendant's Motion to Suppress*

**GRANTED**


**MEMORANDUM OPINION AND ORDER**


Michael Abram, Esquire, Law Office of Abram, Gulab & Hutchison, 9 Chestnut Street, Georgetown, Delaware 19947

Julie Johnson, Esquire, Deputy Attorney General, Department of Justice, 13 The Circle, Georgetown, Delaware 19947


**KARSNITZ, R.J.**

This case came before me to evaluate a Motion to Suppress evidence police obtained following a stop of a motor vehicle in transit. After the stop, the Ocean View police developed probable cause to arrest Ronald Coffey ("Defendant") for driving under the influence of alcohol. I held the suppression hearing a few days before the scheduled trial date. I orally granted the motion but promised a written decision articulating my reasoning.

The facts are simple and uncontested. During the afternoon hours of October 1, 2024, Lt. Ballentine of the Ocean View Police Department approached the vehicle Defendant owned heading south on Central Avenue to its intersection of Route 26. Lt. Ballentine read the license plate on the vehicle and determined through a computer records search that Defendant owned it. Lt. Ballentine then used a different computer search and learned that Defendant had a suspended operator's license, and that he was male. He had no further information about Defendant. He did, however, observe the driver of the vehicle as he looked at the officer in his sideview mirror and identified him as male.

Lt. Ballentine had no other information to identify the driver of the vehicle, as, for example, his hair color, age or race. Lt. Ballentine candidly testified he relied upon a presumption that the owner is the driver to give him reasonable articulable suspicion to justify the stop. Because I am of the view that the Delaware

2

Constitution, Art. I, §6[1] provides protection against the presumption the officer used here, I found the stop unlawful.

The standard to justify the stop of a vehicle is the officer must have reasonable, articulable suspicion that the individual is committing or has committed a crime.[2] Within the ambit of "crime" are traffic offenses. The bar is a low one, recognizing the fluid nature of motor vehicles.

The issue has been the subject of several Delaware decisions. In *State v. Dempster*,[3] this Court denied a Motion to Suppress on identical facts. The Court pointed to several statutory provisions which allowed a presumption that the owner was the driver[4] to justify its decision. I take an opposite view. The Legislature obviously knows how to write laws which create the presumption and has not done so here.

The Delaware law is grounded in *State v. Prouse*.[5] *Prouse* involved random traffic stops which the Court found impermissible. The Court in *Prouse* opined that "…the factor which … makes random stops, absent justifying facts, unreasonable is

---

[1] "The people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and no warrant to search any place, or to seize any person or thing, shall issue without describing them as particularly as may be; nor then, unless there be probable cause supported by oath or affirmation."
[2] *Miller v. State*, 25 A.3d 768 (Del. 2011).
[3] 2016 WL 749994 (Del. Super. Feb. 26, 2016).
[4] These provisions include *21 Del. C.* §4166 (g) (passing a school bus) and 21 *Del. C.* §7203(b) (paying voluntary assessments for motor vehicle violations).
[5] 382 A.2d 1359 (1978), *aff'd* 440 U.S. 648 (1979).

the inherent arbitrariness of the procedure."[6]   Thus, the reasonableness of an intrusion by law enforcement requires a balance between the public interest and the individual right to freedom from an arbitrary intrusion.

An additional relevant case is *Jones v. State*.[7]   In *Jones*, law enforcement approached Jones after receiving an anonymous 911 call regarding a "suspicious black male wearing a blue coat." Law enforcement knew the area to be high in crime but had no recognition of Jones.  Upon seeing Jones in a blue coat, they ordered him to stop.  When Jones refused police grabbed him.  A struggle ensued, and police subdued and arrested Jones.   The Delaware Supreme Court determined Jones' actions did not furnish reasonable, articulable suspicion to allow his seizure.  The Delaware Supreme Court reversed the Superior Court decision which denied the Motion to Suppress.  The *Jones* Court also reviewed both the Federal Constitutional history, including the Fourth Amendment, as well as Article I, §6 of the Delaware Constitution to determine if the latter should be interpreted to provide protections that are greater than the rights accorded citizens by the Fourth and Fourteenth Amendments.   The Court found that the search and seizure provisions in the Delaware Constitution preceded the adoption of the Fourth Amendment and reflect the State's commitment to protecting the privacy of its citizens.  Thus, the Court

---

[6] *Id.* at 1364.
[7] 745 A.2d 856 (Del. 1999).

concluded the Delaware Constitution may provide individuals with greater rights than those afforded by the United States Constitution. I address this issue further later in this opinion.

Several other cases dealt with these issues, but with the distinguishing twist that the officer in each case took steps to determine if the driver was the owner. For example, in the *Dempster* case, cited above, this Court denied a Motion to Suppress. In *Dempster* the law enforcement officer determined the owner's sex, date of birth, height, eye color and weight. He compared all the information with what he could see of the driver and determined the driver matched the description of the owner as he saw her. The Court gave credence to the officer's testimony and found it sufficient to justify the stop.

In a similar vein is *Harrison v. State of Delaware*[8] in which the Delaware Supreme Court affirmed a denial of a Motion to Suppress based upon an owner with a suspended license and additional information about the owner. The officer determined the owner was an approximately 40 years old white woman, and as he followed the vehicle, he was able to see the driver met that description.

In *State v. Johnson*,[9] the Court addressed the issue the parties raised here. In my view the *Johnson* opinion thoughtfully addressed the question and answered it

---

[8] 144 A.3d 549 (Del. 2016).
[9] 2000 WL 33275015 (Del. Com. Pl. 2000).

by suppressing the evidence obtained by a stop predicated upon the assumption the driver was the owner who had a suspended license. The Court in *Johnson* concluded:

> To find that the seizure was based on a reasonable articulable suspicion without any evidence corroborating the officer's hunch under these circumstances would be contrary to Delaware law.[10]

Allowing a stop based solely upon the owner's suspended license status would, by tautology, mean that the police would be free to stop any vehicle owned by an operator with a suspended license. The hypotheticals are intriguing. If the vehicle is jointly owned, and one driver has a suspended license, would a stop be justified? If not, would such a rule discriminate in favor of joint owners? If it would be allowed, would that not be to the detriment of the properly licensed owner, with no discernable basis for this distinction?

The United States Supreme Court weighed in on this exact issue in the 2020 case of *Kansas v. Glover*.[11] The U.S. Supreme Court determined that the U.S. Constitution, specifically, the Fourth Amendment, was not offended by a stop of a vehicle based solely upon the presumption that the owner is the driver, and the driver had a suspended license. As a matter of federal constitutional law, I am bound by this ruling. But here the defendant argued the police action also violated Delaware Constitutional dictates, and specifically violated Article 1, §6 of the Delaware

---

[10] *Id*. at *5.
[11] 589 U.S. 376 (2020).

Constitution. The Delaware Supreme Court has directed subordinate Courts to examine both State and Federal law when the parties raise issues addressing both fundamental documents, and rule on each.[12]

Our Supreme Court said in *Jones v. State* the following:

> But in this case, our holding rests not on the Fourth Amendment but on the Delaware detention statute, 11 *Del. C.* §1902, and Article I §6 of the Delaware Constitution. The Delaware Constitution, like the constitutions of certain other states, may provide individuals with greater rights than those afforded by the United States Constitution. For example, we have held that the Delaware Constitution provides greater rights than the United States Constitution in the preservation of evidence used against a defendant, the right of confrontation, the right to counsel, and the right to trial by jury. *Hodari D.* is not consistent with our view of when a person is "seized" within the meaning of Article I, §6 of the Delaware Constitution in that *Hodari D.* would allow a police officer lacking reasonable suspicion to create that suspicion through an unjustified attempted detention. A number of states have likewise interpreted *Hodari D.* as inconsistent with the protections provided by their state constitutions. (internal citations omitted)[13]

In my view the Delaware case law requires something more than that upon which Lt. Ballentine relied here.

I have reviewed Delaware precedent. The weight of the authority is that something more than a presumption that the owner of the vehicle has a suspended

---

[12] *Terroros v. State*, 312 A.3d 651 (Del. 2024).
[13] *Jones, supra,* at 863-864.

license is required to show a reasonable articulable suspicion that an offense has occurred. In my opinion, the Delaware Constitution in this instance requires more and gives our citizens protection above what the U.S. Supreme Court determined the U.S. Constitution requires. As a result, I granted the Motion to Suppress.


<u>/s/ Craig A. Karsnitz</u>
Craig A. Karsnitz


cc:    Prothonotary